UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN\
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:                                                             Case No. 24-47611-tjt
                                                                                      Chapter 7
RICKY G. CASEY and                                        Judge Thomas J. Tucker
DARA M. CASEY,

         Debtors.
_____/

### ORDER REQUIRING TRUSTEE TO SUPPLEMENT MOTION FOR APPROVAL OF AGREEMENT BETWEEN THE DEBTORS AND THE TRUSTEE REGARDING COMPROMISE OF POTENTIAL PERSONAL INJURY CLAIM, WORKERS COMPENSATION CLAIM, AND OBJECTIONS TO EXEMPTIONS

       This case is before the Court on the motion entitled "Chapter 7 Trustee's Motion for Entry of Order Approving Agreement between Debtors and Trustee Regarding Compromise of Potential Personal Injury Claim, Workers Compensation Claim, and Objections to Exemptions" (Docket # 36, the "Motion"). All interested parties were served with notice of the Motion and of the deadline for objections. No objections to the Motion were timely filed, and a certification of no response has been filed.

       The Court is not yet willing to grant the Motion. Rather, the Court concludes that it should require the Trustee to file a written supplement to the Motion, to address the Court's following concerns about the Motion.[1]

       The Motion states that the Trustee and the Debtor agree that the workers compensation claim of the Debtor Ricky G. Casey now pending (the "WC Claim") and the Debtors' potential personal injury claim against a third party arising from the events surrounding the WC Claim (the "PI Claim"), are both property of the

---

[1] This Order should look familiar to the Trustee's counsel. It is very similar to an order the Court entered on May 24, 2023 in the case of *In re Carmen Knight*, Case No. 22-46605 (at Docket # 52). In that case, the Court required supplementation of, and later denied, a settlement motion similar to the one in this case. *See* Docket ## 52, 59 in Case No. 22-46605; *see also In re Knight*, 2023 WL 4101833 (June 20, 2023).

bankruptcy estate. (*See* Motion at ¶ 8). The Motion also states that it is too early "to place a value on the [c]laims." (*See id.* at ¶ 10).[2] Yet despite this, it appears that the relief requested in the Motion (1) would leave the Trustee with no control whatsoever over the prosecution or lack of prosecution of either the WC Claim or the PI Claim; (2) would leave the Trustee with no control whatsoever over any possible settlement of either the WC Claim or the PI Claim, and no control over whether or when to settle the claims, or on what terms; (3) would leave the WC Claim and the PI Claim to be prosecuted by one or more attorneys retained only by the Debtors, and who therefore would have a professional duty only to the Debtors, and not to the bankruptcy estate; (4) would leave the prosecution of the WC Claim and the PI Claim to one or more attorneys whose employment has not been approved by this Court; (5) would permit payment of attorney fees and expenses to the such Debtors' attorney(s), for prosecuting claims belonging to the bankruptcy estate, without the need for any review or approval of such fees and expenses by this Court; and (6) would permit a settlement by the Debtors of the WC Claim and the PI Claim without any review or approval by this Court.

The Court is concerned that the relief sought by the Motion would appear to allow the Chapter 7 Trustee, in effect, to impermissibly abdicate her responsibility and her fiduciary duty to the bankruptcy estate and its creditors, with respect to the liquidation of this property of the bankruptcy estate.

The Court also questions why the Trustee apparently believes that if she prosecutes the WC Claim and the PI Claim, through hired counsel of the Trustee's choosing, rather than leaving such prosecution entirely to the Debtor(s), there might be a lower net benefit to the bankruptcy estate from the claims. (*See* Motion at ¶¶ 12, 13). Assuming that the Trustee could hire counsel to prosecute these claims on the same kind of fee basis as the Debtor Ricky G. Casey has done for the WC Claim with his retained attorney, and assuming that the Trustee could hire counsel to prosecute the PI Claim on the same kind of fee basis as the Debtors could do, it is not clear why it would be any more expensive for the Trustee to prosecute these claims than it would be for the Debtors to do so. In either case, the fees and expenses of prosecuting the claims will have the effect of reducing the net proceeds of the claims. Nor is it clear why having the Debtor(s) as "named plaintiff[s]" on the claims "may provide some strategic advantages for enhancement of an award of damages," as the Motion alleges. (*See* Motion at

---

[2] The Court notes that ¶ 10 of the Motion refers to a "class action," but the Motion fails to describe any class action. (This reference to a "class action" in ¶ 10 of the Motion may be a misprint.)

¶ 12).

Accordingly,

IT IS ORDERED that no later than February 11, 2025, the Trustee must file a written supplement to the Motion that responds to the Court's concerns expressed in this Order.

The Court will further consider the Motion after reviewing the Trustee's supplement.

**Signed on January 28, 2025**

/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**